

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID LUDWIG, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

PRET A MANGER (USA), Ltd., d/b/a PRET A MANGER,

    Defendant.

Index No. 11 CV 5677 (BSJ) (AJP)

ECF CASE



## [PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND COLLECTIVE ACTION, (2) GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, (3) DIRECTING DISSEMINATION OF NOTICE AND RELATED MATERIAL TO THE CLASS, AND (4) SETTING DATE FOR FAIRNESS HEARING AND RELATED DATES

After engaging in several months of discovery, and participating in a settlement conference before Magistrate Judge Peck, and notwithstanding their adversarial positions in this matter, Plaintiff David Ludwig ("Plaintiff" or "Ludwig") and Pret A Manger (USA) Ltd. ("Pret" or "Defendant") (collectively, the "Parties") negotiated a settlement of this litigation. The terms of the proposed settlement ("Settlement") are set forth in the proposed Global Settlement Agreement, with exhibits ("Settlement Agreement," attached hereto as Exhibit 1).

On or about February 16, 2012, Plaintiff filed a Notice Of Motion For Order (1) Conditionally Certifying Settlement Class, (2) Granting Preliminary Approval To Proposed Class Action Settlement And Plan Of Allocation, (3) Directing Dissemination of Notice And Related Material To The Class, and (4) Setting Date For Fairness Hearing And Related Dates ("Motion"). In his Motion, the Plaintiff requested that this Court grant conditional certification of a settlement class, together with a FLSA collective action. Plaintiff also requested that the Court grant preliminary approval to the Settlement Agreement, including the plan of allocation in

that Agreement, and that the Court approve a proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Class Notice," attached as Exhibit B to the Settlement Agreement), a proposed Claim Form and Release (attached as Exhibit C to the Settlement Agreement), and a proposed Opt-Out Statement (attached as Exhibit D to the Settlement Agreement). Having reviewed the Settlement Agreement and Motion, along with the Parties' prior submissions in this matter, the Court now FINDS, CONCLUDES, AND ORDERS as follows:

## I. Background

Plaintiff Ludwig contends that Pret misclassified certain employees as exempt from the overtime requirements of the Fair Labor Standards Act and various state laws. Specifically, Plaintiff asserts, on behalf of himself and a proposed class of persons alleged to be similarly situated, that Pret violated federal and state wage laws by failing to pay overtime to current and former employees at Pret who participated in Pret's Manager-in-Training program during the applicable statutory periods. Pret has disputed, and it continues to dispute, Plaintiff's allegations in this lawsuit, and Pret denies any liability for any of the claims that have or could have been alleged by Plaintiff or the persons that he seeks to represent.

## II. Definition Of The Settlement Class

The Parties have entered into the Settlement Agreement solely for the purposes of compromising and settling their disputes in this matter. As part of the Settlement Agreement, Pret has agreed not to oppose, for settlement purposes only, conditional certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) and 29 U.S.C. § 216(b) of the following settlement class (the "Class"):

> All current and former employees of Pret who participated in
> Pret's Manager-in-Training program (1) in New York at any time
> from August 16, 2005 to the date of this Order or (2) in

>    Washington, D.C. or Illinois at any time from August 16, 2008 to the date of this Order.

On behalf of the Class, based on allegations that they were misclassified as exempt from overtime pay requirements, Plaintiff asserts claims for overtime pay under the FLSA and the laws of various states.

### III.   Designation Of The Class As An FLSA Collective Action

The Court finds that the members of the FLSA Class are similarly situated within the meaning of Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), for purposes of determining whether the terms of settlement are fair. Accordingly, the Court conditionally certifies the Class as an FLSA collective action.

### IV.   Rule 23 Certification of the Class

In examining potential conditional certification of the settlement class, the Court has considered: (1) the allegations, information, arguments, and authorities cited in the Motion for Preliminary Approval and supporting memorandum and declarations; (2) the allegations, information, arguments, and authorities provided by the Parties in connection with the pleadings filed by each of them in this case; (3) information, arguments, and authorities provided by the Parties in conferences and arguments before this Court; (4) Pret's conditional agreement, for settlement purposes only, not to oppose conditional certification of the settlement class specified in the Settlement Agreement; (5) the terms of the Settlement Agreement, including, but not limited to, the definition of the settlement class specified in the Settlement Agreement; and (6) the elimination of the need, on account of the Settlement, for the Court to consider any potential trial manageability issues that might otherwise bear on the propriety of class certification.

In connection with certifying the Class, the Court makes the following findings:

a. The Class has more than 100 members, and therefore is sufficiently numerous that joinder of all members of the Class ("Class Members") is impracticable;

b. There are questions of law or fact common to all Class Members, including whether the Class Members were properly classified as exempt from overtime;

c. The Class Representative's claims are typical of Class's claims in that the Class Representative raises the same types of claims as the Class Members;

d. The Class Representative can fairly and adequately represent the Class's interests, in that (1) Class Representative has retained counsel who are qualified and experienced in the issues raised in this litigation, (2) the Class Representative does not have any apparent interests antagonistic to the interests of the Class and (3) the Court finds that the FLSA and the state laws under which the claims in this matter arise (New York, Illinois, and Washington, D.C.) are substantially similar and provide similar relief;

e. The common questions of law and fact set forth in paragraph b., above, predominate over any questions affecting only individual members; and

f. The class action device is superior to all other available methods for fairly and efficiently settling this matter.

Based on those considerations and findings, the Court hereby finds that the Class proposed in this matter is identifiable and that the requirements of Federal Rule of Civil Procedure 23(a) are satisfied, including numerosity, commonality, typicality, and adequacy of the representative and his counsel.

The Court further concludes that the requirements of Federal Rule of Civil Procedure 23(b)(3) are satisfied because questions of law and fact common to the Class Members

-5-

predominate over any questions affecting only individual members and that a settlement class is superior to other available methods for the fair and efficient adjudication of this matter.

Therefore, solely for the purpose of determining whether the terms of settlement are fair, reasonable, and adequate, the Court conditionally certifies the Class, as defined in Section II, above, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

### V.    Appointment Of Class Representatives And Class Counsel

David Ludwig is appointed as class representative of the Class, both under Rule 23 and under 29 U.S.C. § 216(b).

The following attorneys and law firms are appointed as class counsel for the Class ("Class Counsel"): Lee S. Shalov of McLaughlin & Stern, LLP, and Louis Ginsberg of The Law Firm of Louis Ginsberg, P.C.

### VI.   Disposition Of Settlement Class If Settlement Agreement Does Not Become Effective

If, for any reason, the Settlement Agreement ultimately does not become effective, Pret's agreement not to oppose conditional certification of the settlement class shall be null and void in its entirety; this Order conditionally certifying the settlement class shall be vacated; the Parties shall return to their respective positions in this lawsuit as those positions existed immediately before the Parties executed the Settlement Agreement; and nothing stated in the Settlement Agreement, the Motion, this Order, or in any attachments to the foregoing documents shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action. In particular, the class certified for purposes of settlement shall be decertified, and Pret will retain the right to contest whether this case should be maintained as a class action or collective action and to contest the merits of the claims being asserted by Plaintiff.

NYI-4419937v2

### VII. Preliminary Approval Of The Terms Of The Settlement Agreement, Including The Proposed Plan Of Allocation

The Court has reviewed the terms of the Settlement Agreement and the description of the Settlement in the Motion papers. Based on that review, the Court concludes that the Settlement is within the range of possible Settlement approval such that notice to the Class is appropriate.

The Court has also read and considered the declaration of Lee S. Shalov in support of preliminary approval. Based on review of that declaration, the Court concludes that the Settlement was negotiated at arms length and is not collusive. The Court further finds that Class Counsel were fully informed about the strengths and weaknesses of the Class's case when they entered into the Settlement Agreement.

As to the proposed plan of allocation, the Court finds that the proposed plan is rationally related to the relative strengths and weaknesses of the respective claims asserted. The proposed plan of allocation is also within the range of possible approval such that notice to the Class is appropriate.

Accordingly, the Court hereby grants preliminary approval to the Settlement Agreement and the Plan of Allocation.

### VIII. Approval Of The Form And Manner Of Distributing Class Notice, Opt-Out Statement, And Claim Form

Plaintiffs have also submitted for this Court's approval a proposed Class Notice, Opt-Out Statement, and a proposed Claim Form and Release. The Court now considers each of these documents in turn.

The proposed Class Notice appears to be the best notice practical under the circumstances and appears to allow Class Members a full and fair opportunity to consider the proposed Settlement and develop a response. The proposed plan for distributing the Class Notice, and the

-6-

-7-

Opt-Out Statement and Claim Form and Release to be attached to the Class Notice, likewise appears to be a reasonable method calculated to reach all members of the Class who would be bound by the Settlement. Under this plan, the Claims Administrator will distribute the Class Notice to Class Members by First Class U.S. Mail and personal e-mail, to the extent that Defendant has personal e-mail addresses for Class Members. There appears to be no additional method of distribution that would be reasonably likely to notify Class Members who may not receive notice pursuant to the proposed distribution plan.

The Class Notice and Opt-Out Statement fairly, plainly, accurately, and reasonably inform Class Members of: (1) appropriate information about the nature of this litigation, the settlement class at issue, the identity of Class Counsel, and the essential terms of the Settlement Agreement and Settlement; (2) appropriate information about Class Counsel's forthcoming application for attorneys' fees and other payments that will be deducted from the settlement fund; (3) appropriate information about how to participate in the Settlement; (4) appropriate information about this Court's procedures for final approval of the Settlement Agreement and Settlement; (5) appropriate information about how to challenge or opt-out of the Settlement, if they wish to do so; and (6) appropriate instructions as to how to obtain additional information regarding this litigation, the Settlement Agreement, and the Settlement. Similarly, the proposed Claim Form and Release appears to allow members of the settlement class a full and fair opportunity to submit a claim for proceeds in connection with the Settlement. Moreover, the Class Notice fairly, accurately, and reasonably informs Class Members that failure to complete and submit a Claim Form, in the manner and time specified, shall constitute a waiver of any right to obtain any share of the Settlement Payment.

The Court, having reviewed the proposed Class Notice, Opt-Out Statement, and Claim Form (collectively "Notice Materials"), finds and concludes that the proposed plan for distributing the same will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements. Accordingly, the Court hereby Orders as follows:

1. The form and manner of distributing the proposed Notice Materials are hereby approved.

2. Promptly following the entry of this Order, the Claims Administrator shall prepare final versions of the Notice Materials, incorporating into the Notice the relevant dates and deadlines set forth in this Order.

3. Within 15 calendar days of the date of entry of this Order, Pret will provide the Claims Administrator and Class Counsel with the information regarding Class Members in accordance with the Settlement Agreement.

4. Within 15 calendar days after receiving the information regarding Class Members specified in the Settlement Agreement, the Claims Administrator shall mail, <u>via</u> First Class United States Mail, postage prepaid, the final version of the Class Notice, along with the Opt-Out Statement and Claim Form, using each Class Member's last known address as recorded in Pret's payroll system. The Claims Administrator shall take all reasonable steps to obtain the correct address of any Class Members for whom the notice is returned by the post office as

undeliverable and otherwise to provide the Class Notice. The Claims Administrator shall notify Class Counsel and Defendant's Counsel of any mail sent to Class Members that is returned as undeliverable after the first mailing as well as any such mail returned as undeliverable after any subsequent mailing(s). In no event shall the Claims Administrator make any mailing to any Class Member more than 40 calendar days after the initial mailing.

5.  The Claims Administrator shall take all other actions in furtherance of claims administration as are specified in the Settlement Agreement.

## IX. Procedures For Final Approval Of The Settlement

### A. Fairness Hearing

The Court hereby schedules, for __July 10, 2012__ at the hour of __10 am__, a hearing to determine whether to grant final certification of the Settlement Class, and the FLSA collective action, and final approval of the Settlement Agreement and the Plan of Allocation (the "Fairness Hearing"). At the Fairness Hearing, the Court also will consider any petition that may be filed for the payment of attorneys' fees and costs/expenses to Class Counsel, and any service payments to be made to Plaintiff David Ludwig and Chris Therios. Class Counsel shall file their petition for an award of attorneys' fees and reimbursement of costs/expenses and the petition for an award of service payments no later than 45 days after the end of the Opt-Out Period.

### B. Deadline To Request Exclusion From The Settlement

Class Members who wish to be excluded from the Settlement must submit a written and signed request to opt out to the Claims Administrator using the form ("Opt-Out Statement")

provided with the Class Notice. To be effective, such Opt-Out Statements must be (1) mailed to the Claims Administrator via First Class United States Mail, postage prepaid, and postmarked by a date certain to be specified on the Notice, which will be 60 calendar days after the Claims Administrator makes the initial mailing of the notice.

The Claims Administrator shall stamp the postmark date of the Opt-Out Statement on the original of each Opt-Out Statement that it receives and shall serve copies of each Statement on Class Counsel and Defendant's Counsel not later than 3 business days after receipt thereof. The Claims Administrator also shall, within 10 calendar days after the end of the Opt-Out Period, provide Class Counsel and Defendant's Counsel with (1) stamped copies of any Opt-Out Statements, with Social Security Numbers redacted, and (2) a final list of all Opt-Out Statements. Also within 10 calendar days after the end of the Opt-Out Period, the Claims Administrator shall file with the Clerk of Court copies of any timely submitted Opt-Out Statements with Social Security Numbers and addresses redacted. The Claims Administrator shall retain the stamped originals of all Opt-Out Statements and originals of all envelopes accompanying Opt-Out Statements in its files until such time as the Claims Administrator is relieved of its duties and responsibilities under this Agreement.

### C.  Deadline For Filing Objections To Settlement

Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing. To be considered, such objections must be (1) mailed to the Claims Administrator via First-Class United States Mail, postage prepaid, and postmarked by a date certain, to be specified on the Notice, which shall be 60 calendar days after the initial mailing by the Claims Administrator of such Notice and received by the Claims Administrator no later than 7 calendar days after the end of the Opt-Out Period.

The Claims Administrator shall stamp the postmark date and the date received on the original and send copies of each objection to the Parties by facsimile and overnight delivery not later than 2 business days after receipt thereof. The Claims Administrator shall also file the date-stamped originals of any and all objections with the Clerk of Court within 10 calendar days after the end of the Opt-In Period.

### D.     Deadline For Filing Motion For Judgment And Final Approval

No later than 45 calendar days after the end of the Opt-Out Period, Plaintiff and Pret will submit a joint Motion for Judgment and Final Approval of the Settlement Agreement and Settlement.

### E.     Deadline For Submitting Claim Forms

A Class Member who does not opt out will be eligible to receive his or her proportionate share of the settlement benefit. To receive this share, such a Class Member must timely execute and return the Claim Form and Release (in accordance with the instructions), which will be attached to the Notice, including: (1) a statement that, during the applicable period, he or she worked overtime; (2) an acknowledgement that, by signing the Claim Form and Release, he or she opts in to the case pursuant to 29 U.S.C. § 216(b); and (3) a release of claims consistent with that set forth in Section 4 of the Settlement Agreement. The Claim Form and Release must be signed by the current or former employee who seeks to participate in the settlement or someone with a legal right to act on his or her behalf.

To be effective, Class Members' Claim Forms and Release must be sent to the Claims Administrator via First Class United States Mail, postage prepaid, and be received by 60 calendar days after the initial mailing of the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing.

## F. Plaintiff's And Class Members' Release

If, at the Fairness Hearing, this Court grants Final Approval to the Settlement Agreement and Settlement, Plaintiff and each individual Class Member who does not timely opt out will release claims, by operation of this Court's entry of the Judgment and Final Approval, as described in Section 4 of the Settlement Agreement, regardless of whether he or she submits a Claim Form or receives any share of the Settlement Fund.

## G. Releases of Class Representatives

In addition, Plaintiff David Ludwig and Chris Therios will execute individual releases in exchange for any court-approved service payments.

DATED: February 27, 2012

Hon. Barbara S. Jones
United States District Judge