USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 07/25/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID LUDWIG, on behalf of himself and those similarly situated,

Plaintiff,

v.

PRET A MANGER (USA) LTD., d/b/a PRET A MANGER,

Defendant.

11 CV 5677 (BSJ) (AJP)

ECF CASE

**[PROPOSED] ORDER GRANTING: (1) FINAL SETTLEMENT APPROVAL; (2) CLASS CERTIFICATION AND COLLECTIVE ACTION DESIGNATION; (3) APPROVAL OF RELEASES; AND (4) APPROVAL OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARDS**

On February 16, 2012, the Parties to this action entered into a Global Settlement Agreement ("Agreement"), and on February 16, 2012 they applied to this Court for preliminary approval of the Agreement and the terms thereof. On February 29, 2012, this Court granted preliminary approval to the Agreement and provisionally certified the Class under Rule 23 of the Federal Rules of Civil Procedure and provisionally designated the Class as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "Preliminary Approval Order"). As required by Rule 23, this Court directed that notice of the Agreement and its terms be provided to Class Members. As also required by Rule 23, Class Members were given an opportunity to object to the settlement and/or opt out of it.

On June 29, 2012, the Parties jointly filed a Motion for Order granting: (A) Final Settlement Approval; (B) Class Certification and Collective Action Designation; and (C) Approval of Releases. Plaintiffs' counsel also requested and Defendant does not oppose the

Court's approval of attorneys' fees, reimbursement of expenses and service awards (the "Final Approval Motion"). The Court held a hearing on that motion on July ~~10~~ 23, 2012.

NOW, THEREFORE, IT IS HEREBY ORDERED, upon consideration of the Agreement, the Parties' briefs, declarations, and oral arguments in support thereof, and the proceedings in this action to date, as follows:

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of this Litigation, all matters relating thereto and all the Parties.

3. Pursuant to Federal Rule 23, the Court confirms as final its certification of the Class for purposes of settlement based on the findings in Section IV of the Preliminary Approval Order and the absence of any objections from Class Members to such certification.

4. Pursuant to 29 U.S.C. § 216(b), the Court confirms as final its certification of the Class as an FLSA collective action for purposes of settlement based on its findings in Section III of the Preliminary Approval Order and the fact that 54 Class Members have opted into the FLSA collective action.

5. The Court confirms as final the appointment of David Ludwig and Christopher Thireos as representatives of the Class and the individuals who opted into the Litigation, both under Federal Rule 23 and 29 U.S.C. § 216(b).

6. The Court confirms as final the appointment of the following law firms and attorneys as class counsel ("Class Counsel") for the Class pursuant to Federal Rule of Civil Procedure 23 and for the individuals who opted into the Litigation pursuant to 29 U.S.C.

§ 216(b): Lee S. Shalov of McLaughlin & Stern, LLP and Louis Ginsberg of the Law Firm of Louis Ginsberg, P.C.

7. If, for any reason, the Agreement ultimately does not become Effective, this Order certifying the Class under Rule 23 and designating the opt-in group as a collective action under 29 U.S.C. § 216(b) shall be vacated; the Parties shall return to their respective positions in this Litigation as those positions existed immediately before the Parties executed the Agreement; and nothing stated in the Agreement or any other papers filed with this Court in connection with the settlement shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this Litigation or in any other action.

8. The Class Notice, Opt-Out Statement, and Claim Form and Release given to Class Members pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Federal Rule 23, the Fair Labor Standards Act, and due process.

9. Pursuant to Federal Rule 23(e), this Court grants final approval to the Agreement and the settlement set forth therein. The Court finds that the settlement is fair, reasonable, and adequate in all respects and that it is binding on all Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order. A list of Class Members who timely opted out is attached to the Final Judgment as Exhibit A. The Court specifically finds that the settlement is rationally related to the strength of Plaintiff's claims given the risk, expense, complexity, and duration of further litigation. This Court also finds that the Agreement is the result of arms-length negotiations between experienced counsel representing the interests

of the Plaintiff, members of the Class and the Defendant, after thorough factual and legal investigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

10. The Court further finds that the settlement is adequate given the: (A) complexity, expense and likely duration of the Litigation; (B) lack of any objections to the settlement; (C) the state of the proceedings and the amount of discovery completed; (D) risks of establishing liability and damages; (E) risks of maintaining the class action through the trial; and (F) given that the Total Settlement Amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *D'Amato v. Deutsche Bank*, 236 F.3d 78, 86 (2d Cir. 2001); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

11. The Court finds that the response of the Class to the settlement supports settlement approval. Of the 172 persons who are members of the Class, 54 persons submitted timely,[1] signed Claim Forms, and no Class Members has submitted an objection pursuant to the procedures set forth in the Preliminary Approval Order.

12. One Class Member submitted a Claim Form with incomplete information and had not cured the deficiency as of June 26, 2012. Accordingly, that Class Member will not be eligible for a settlement payment and will be bound by the Final Judgment.

13. Two Class Members submitted timely, signed Opt-Out Statements. These persons are hereby deemed to have opted out of the settlement and these persons' names are included on the list of opt-outs attached as Exhibit A to the Final Judgment.

14. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and

[1] Three of these 54 Claims Forms were received after the deadline established by this Court in the Preliminary Approval Order, but the Parties agreed to treat these Claim Forms as timely.

procedures set forth in the Agreement by which payments are to be calculated and made to Class Members filing timely Claim Forms are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedure set forth in the Agreement. The Court finds that the $19,000 reserve set aside for the costs of settlement administration is reasonable and is approved.

15. The Court has reviewed the individual releases for Plaintiff David Ludwig and Class Member Christopher Thireos and finds them to be fair, reasonable, and enforceable under the FLSA and all applicable law.

16. The Court has reviewed the: (A) class release contained in Section 4.1 of the Agreement and in the Claim Form and Release, and (B) release of attorneys' fees and costs in Section 4.2 of the Agreement, and finds them to be fair, reasonable, and enforceable under the FLSA, Rule 23, and all applicable law. The class release, the individual releases, and the release of attorneys' fees and costs reflect a fair and reasonable resolution of, among other things, a bona fide dispute between the Parties over FLSA provisions.

17. The Court hereby grants Class Counsel attorneys' fees of $ 99,656.70, or one-third of the Total Settlement Amount, which the Court finds to be fair and reasonable based upon: (A) the number of hours worked by Class Counsel during the Litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised by the Litigation; and (E) a lodestar cross check, which reveals that Class Counsel will receive a discount to their lodestar expended during the Litigation.

18. The Court hereby approves Class Counsel's request for reimbursement of litigation expenses in the sum of $ 4,543.78, which expenses the Court finds were necessarily and reasonably incurred by Class Counsel in prosecuting the Litigation.

19. The Court hereby approves a service award of $ 10,000 for Plaintiff David Ludwig and $ 2,500 for Class Member Christopher Thireos based upon the time, effort and commitment they expended in prosecuting the Litigation on behalf of the Class.

20. The Amended Class Action Complaint For Failure to Pay Overtime Wage filed in this Litigation and all claims contained therein are dismissed in their entirety with prejudice as to all Class Members other than those listed in Exhibit A to the Final Judgment.

21. By operation of the entry of this Order and the Final Judgment, all Released Claims are fully, finally and forever released, relinquished and discharged pursuant to the terms of the release set forth in Section 4.1 of the Agreement as to all Class Members other than those listed in Exhibit A to the Final Judgment.

22. The Parties entered into the Agreement solely for the purpose of compromising and settling disputed claims. Defendant in no way admits any violation of law or any liability whatsoever to Plaintiff and the Class, individually or collectively, all such liability being expressly denied by Defendant.

23. The Court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Global Settlement Agreement.

IT IS SO ORDERED.

DATED: July 24, 2012

Barbara S. Jones

Hon. Barbara S. Jones
United States District Judge